PÉREZ, PLAINTIFF AND APPELLEE, v. MORÁN,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in an Action
of Unlawful Detainer.

No. 2260.—Decided May 27, 1921.

UNLAWFUL DETAINER—PLEADING—CONFLICT OF TITLES.—In an action of unlaw-
ful detainer in which the defendant denies the possession of the property
described in the complaint and alleges as new matter that a certain part-
nership of which he is a member is the owner of a property situated in a
different ward and municipality, it can not be concluded that the defendant
has raised a conflict of titles; therefore an order sustaining a demurrer to
the answer and striking out the new matter is not erroneous.

The facts are stated in the opinion.

Mr. J. C. Rodríguez Cebollero for the appellant.

Mr. I. Carballeira for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A complaint for unlawful detainer alleged, among other
things:

"2nd: That the plaintiff is the owner of the following property:

" 'RURAL: A tract of land of 12.835 acres in the ward of Florida
Afuera, place known as "Alto de la Quebrada." of the municipality
of Barceloneta, bounded as follows: On the east by lands of the
heirs of Gregorio Kuinlam; on the north by lands of the heirs of
María Encarnación Caballero, now of Juan Villamil; on the south
by lands of Miguel Monroig, and on the west by lands of Celestino
Pérez and Ramón Morán. It is recorded in the registry of prop-
erty at folio 238, property No. 765, 4th record.'

"3rd: That defendant Ramón Morán is withholding the physical
possession of the said property and profiting by the same at suffer-
ance without paying any rent therefor and against the will of the
plaintiff.

"4th: That the plaintiff has demanded several times that the de-
fendant vacate the said property, but his demands to that effect have
been ineffective."

Defendant, in his answer, denied the facts so alleged and
set up as new matter:

"1st: That the firm of Ramón Morán & Co. of Manatí, of which

the defendant is a managing partner, is the owner of the following property:

" 'Rural property in the ward of Bajura Adentro, of Manatí, composed of four acres, equivalent to 1 hectare, 57 ares and 21 centares, bounded on the north and east by land of the heirs of Kuinlam; on the south by lands of Miguel Monroig and the heirs of Kuinlam, and on the west by land of Celestino Pérez.'

"2nd: This property was purchased by the said firm at a forced sale, as shown by a deed executed in Manatí by the marshal of the Municipal Court of Manatí on February 24, 1917.

"3rd: That it appears from the face of the complaint that the property sued for in this action is the same property described as belonging to the firm of Ramón Morán & Co., of which, as stated above, the defendant is a managing partner."

Upon demurrer to the answer the court below ordered that the new matter be stricken, to which ruling the defendant excepted.

An amended answer denies the second and fourth averments of the complaint, thus admitting for want of a denial the fact of possession as alleged in the third.

From the statement filed by the trial judge we quote the following paragraph:

"From a consideration of the documentary and parole evidence the court arrives at the conclusion that the plaintiff has fully established the material allegations of his complaint, that is, that he is the owner of the property in question by virtue of a public deed which is recorded in the registry of property, and that the said property is in the possession of defendant Ramón Morán, a fact that he admitted in his testimony, and he has produced no evidence of any kind, even in his own testimony, nor attempted to show any right or reason whatever in his favor for being in possession and continuing in possession of the said property."

Appellant assigns as error, first, the ruling sustaining the demurrer to the answer and the order striking the new matter from the answer and, second, the rendering of judgment in a proceeding of this kind notwithstanding the fact that the evidence discloses a conflict of title.

The original answer denies possession of the property described in the complaint and it is not alleged that the property described in the answer is included within the boundaries of the parcel described in the complaint. Nor does it appear from the face of the complaint, as alleged in the original answer, that the two properties are identical. It is true that certain of the calls for adjoining owners are the same, but this circumstance is as consistent with the theory of adjoining tracts as it is with a merger of identity. On the other hand, the property described in the complaint is a parcel of twelve *cuerdas* situate in the *barrio* of Florida Afuera of the municipality of Barceloneta, while that described in the answer is a parcel of four *cuerdas* situate in the *barrio* of Bajura Adentro, municipality of Manatí. In the circumstances it can hardly be said that the court erred in sustaining the demurrer in so far as the new matter in question is concerned, or in striking the same from the answer.

As to the second assignment, it will suffice to say that a careful examination of the entire record discloses no such manifest error as to require a reversal.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.